609 A.2d 1387

COMMONWEALTH of Pennsylvania, Appellee,

v.

Marlin HADDOCK, Appellant.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Albert BARNABE, Appellant.

Superior Court of Pennsylvania.

Submitted June 2, 1992.

Filed July 8, 1992.

G. Scott Gardner, Williamsport, for appellants.

Carol J. Sherman, Asst. Dist. Atty., Philadelphia, for Com., appellee (at 2967).

Robert B. Sacavage, Dist. Atty., Mt. Carmel, for Com., appellee (at 2968).

Before CAVANAUGH, DEL SOLE and BECK, JJ.

## OPINION

PER CURIAM:

These two appeals raise common issues for our consideration.

Haddock was convicted by a jury in Northumberland County on August 29, 1991, of multiple count drug charges and received an aggregate sentence of 1½ to 6 years which he is presently serving.

On August 15, 1991, Barnabe was convicted of drug charges in the same county and given a 1 to 2 year sentence which he is now serving.

In each case the appellant sought unsuccessfully at trial to cross-examine the prosecuting police officer, Dean Christos, and a confidential informant, Daryl Philbin, and to submit evidence concerning a *nol pros* of criminal charges in a Lehigh County case involving charges against Richard Lippay. The Lehigh County case involved the same prosecuting personages, Christos and Philbin. We agree with appellants that, based upon the authority of *Commonwealth v. Shands*, 338 Pa.Super. 296, 487 A.2d 973, the court erred in not permitting appellants to pursue questioning concerning this matter and we reverse the judgment of sentence and award a new trial in each of the cases before us.[1] We further find that it was error not to permit examination of the witness concerning other cases where

---

1. The same result has recently been reached in another case involving Christos and Philbin in a Northumberland County conviction. *Commonwealth v. Miller*, —— Pa.Super. ——, 612 A.2d 534 (1992) (Memorandum Opinion).

there was a failed prosecution involving witnesses Christos and Philbin. These cases include the prosecution of Kuzo, Yano and Lippay. As to the *Haddock* case, we find that the court should permit evidence as to the actual ownership and date of issue of Pennsylvania registration plate number PNB–326.

We have received separate bail applications in each of these cases. We believe the applications for bail have merit and remand the applications to the trial court in order to set the amount and terms of bails which should be granted until the time of trial or other disposition of the case.

Judgment of sentence reversed. New trials awarded. Remanded for bail hearing. Jurisdiction relinquished.